# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| German Varela-Lopez, | No. CV-26-00803-PHX-JJT (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Party, *et al.*, | |
| Respondents. | |

At issue is the Emergency Motion to Enforce Judgment and for Temporary Restraining Order and Preliminary Injunction (Doc. 17) filed by Petitioner German Varela-Lopez's family representative Carlos Varela. Petitioner sought habeas relief from this Court based on his claim that his detention post-final removal order was unreasonably long without a significant possibility of removal in the reasonably foreseeable future, in violation of *Zadvydas v. Davis*, 522 U.S. 678, 701 (2001). (Doc. 1.) The Court ordered Respondents to show cause why the Petition should not be granted (Doc. 5). Respondents acknowledged on February 19, 2027, that they had been "unable to ascertain sufficient facts at this time to establish there is a significant likelihood of removal in the reasonably foreseeable future," and for that reason stated they did not oppose the request for release. (Doc. 9.) Based on this information, the Court granted the Petition and ordered Petitioner released the next day on February 20. (Doc. 10.) But unknown at that time to the Court— and apparently to Respondents' counsel—DHS had already removed Petitioner to Mexico on February 16, 2026, four days before the Court entered its order granting release.

Petitioner argues first that Respondents' actions in removing him to Mexico are in violation of either the Court's February 20 Order granting habeas relief, or its February 9 Order to Show Cause, or both. He is incorrect. The Court's Order granting Petitioner release did not issue until four days after he was removed to Mexico. On the date of Petitioner's removal, then, Respondents had no release order with which to comply. And the Court's Order to Show cause contained no provision preventing removal; it only compelled a response showing cause.

Petitioner's next argues his removal was unlawful because it was the subject of his habeas petition, and while this Court maintained before it the habeas petition to review whether Petitioner's removal to a third country, Respondents could not remove him. This too is incorrect. The Court here ultimately granted habeas relief in the form of release from custody, but never granted relief in the form of halting or vacating any DHS removal proceedings. It did not take up that question, because it does not have jurisdiction to do so pursuant to 8 U.S.C. Section 1252(a)(2)(A-D). The Court has previously addressed Petitioner's attempt to expand the scope of his habeas request and informed Petitioner why it cannot do so:

> The Court having granted Petitioner the relief he sought in his Petition—his release from custody—the matter is closed and the instant Motion is moot. To the extent Petitioner would argue his habeas petition expands to cover the question of his removal proceedings or removability, that question is beyond the jurisdiction of this Court pursuant to 8 U.S.C. Section 1252(a)2(D).

(Doc. 16 at 1.) For the above reasons,

**IT IS ORDERED** denying Petitioner's Emergency Motion to Enforce Judgment and for Temporary Restraining Order and Preliminary Injunction (Doc. 17). This matter must remain closed.

Dated this 28th day of July, 2026.

_____
Honorable John J. Tuchi
United States District Judge

- 2 -